1    UNITED STATES DISTRICT COURT
2    DISTRICT OF PUERTO RICO
3
4

ALBERT I. DIAZ,

    Petitioner,                    Civil No. 12-1885 (JAF)

    v.                         (Crim. No. 09-116-18)

UNITED STATES OF AMERICA,

    Respondent.

5
6    **<u>MEMORANDUM ORDER</u>**

7          Petitioner, Albert Diaz, brings this pro-se petition under 28 U.S.C. § 2255 for

8    relief from sentencing by a federal court, alleging that the sentence he received violated

9    his rights under federal law.  He requests an order to vacate, set aside, or correct the

10   sentence imposed in Cr. No. 09-61.  (Docket No. 1.)

11   **I.**
12   **<u>Background</u>**
13
14         On March 27, 2009, a grand jury rendered a seven count indictment against Albert

15   Díaz and forty-six co-defendants.  (Crim. Docket No. 3.) Count One charged Defendants

16   with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C.

17   §§841(a)(1), 846 and 860.  (<u>Id.</u>at 4-5.)  Count Two charged a possession with intent to

18   distribute one or more kilogram of heroin, within 1,000 feet of a protected location, in

19   violation of 21 U.S.C. §841(a)(1) and 860.  (<u>Id.</u> at 13-15.)  Count Three charged a

20   possession with intent to distribute fifty (50) grams or more of cocaine base, within 1,000

21   feet of a protected location, in violation of 21 U.S.C. §841(a)(1) and 860.  (<u>Id.</u> at 15-16.)

22   Count Four charged a possession with intent to distribute five kilograms or more of

1    cocaine, within 1,000 feet of a protected location, in violation of 21 U.S.C. §841(a)(1)

2    and 860. (Id. at pp. 17-18.)  Count Five charged a possession with intent to distribute one

3    thousand kilograms or more of marihuana, within 1,000 feet of a protected location, in

4    violation of 21 U.S.C. §841(a)(1) and 860.   (Id. at 18-20.)   Count Six charged a

5    conspiracy to possess firearms during and in relation to drug trafficking crimes, in

6    violation of 18 U.S.C. §924(c)(1)(A).  (Id. at 20-21.)  Count 7 charged that defendants

7    shall forfeit any property or proceeds derived if convicted of any narcotics violations.

8    (Id. at 21.)   The Indictment charged that Díaz acted as an enforcer who also sold

9    controlled substances.  (Id. at 11.)  We appointed counsel to represent Díaz on April 2,

10   2009.  A jury found Díaz guilty of Counts One through Five of the indictment, acquitting

11   him on Count Six.  (Crim. Docket No. 657, 1266.)  On August 11, 2009, we sentenced

12   Díaz to one hundred and thirty-five (60) months as to each count, to be served

13   concurrently.  (Crim. Docket No. 1266.)  On March 3, 2010, Díaz appealed.  (Crim.

14   Docket No. 1267.)  On January 23, 2012, the First Circuit Court of Appeals affirmed his

15   conviction.  (Crim. Docket No. 1708.)  Díaz moved for retroactive application of the

16   sentencing guidelines for the crack offense.  (Crim. Docket No. 1746.)  This motion was

17   denied on April 30, 2012.  (Crim. Docket No. 1772.)  On May 8, 2012 Díaz' motion for

18   reconsideration of his retroactive application was also denied.   On October 23, 2012,

19   Díaz timely filed this petition.  (Docket No. 1.)

20                                                  **II.**
21                                          **Legal Standard**
22
23          A federal district court has jurisdiction to entertain a § 2255 petition when the

24   petitioner is in custody under the sentence of a federal court.  See 28 U.S.C. § 2255.  A

25   federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed

1    in violation of the Constitution or laws of the United States."   Id.   The petitioner is

2    entitled to an evidentiary hearing unless the "allegations, even if true, do not entitle him

3    to relief, or . . . 'state conclusions instead of facts, contradict the record, or are inherently

4    incredible.'"   Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (quoting United

5    States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993)); see 28 U.S.C. § 2255(b).   A

6    petitioner cannot be granted relief on a claim that has not been raised at trial or direct

7    appeal, unless he can demonstrate both cause and actual prejudice for his procedural

8    default.   See United States v. Frady, 456 U.S. 152, 167 (1982).   Claims of ineffective

9    assistance of counsel, however, are exceptions to this rule. See Massaro v. United States,

10   538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel

11   claim on direct appeal does not bar subsequent § 2255 review).

12                                              **III.**
13                                        **Discussion**
14
15          Because Petitioner appears pro se, we construe his pleadings more favorably than

16   we would those drafted by an attorney.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

17   Nevertheless, Petitioner's pro se status does not excuse him from complying with

18   procedural and substantive law.  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

19   **A.        Ineffective Assistance of Counsel**

20          The success of an ineffective-assistance-of-counsel claim depends on Petitioner's

21   showing not only a deficient performance by his trial counsel but also a resulting

22   prejudice.  Peralta v. United States, 597 F.3d 74, 79 (1st Cir.2010). Deficient

23   performance is present where the trial counsel's representation "fell below an objective

24   standard of reasonableness," a standard that is informed by "prevailing professional

25   norms."  Id. (quoting   Strickland   v.   Washington, 466   U.S.   668,   688,   104

1    (1984)).  Prejudice exists where "there is a reasonable probability that, but for counsel's

2    unprofessional    errors,    the    result    of    the    proceeding    would    have    been

3    different."  Strickland, 466 U.S. at 694.  "A reasonable probability is a probability

4    sufficient to undermine confidence in the outcome," and said probability is less onerous

5    than a "more likely than not" standard.  Id.

6          Díaz alleges, in a conclusory manner, that his counsel failed to properly advise

7    him on whether or not he should accept the offer of a plea.  (Docket No. 1-1 at 5-9.)  Díaz

8    alleges that if counsel had explained that going to trial would result in an outcome of

9    serving more time, than Díaz would have accepted the plea, with its offer of fifteen fewer

10   months in prison.  (Id. at 8.)

11         Yet, on at least five separate occasions Díaz' counsel informed the court about the

12   progression of plea discussions with his client.  For example, on October 23, 2009,

13   counsel filed a motion requesting a continuance of the change of plea hearing, in which

14   he stated the following:

15               I met with AUSA Capo after the status conference of October
16               19, 2009, and a plea offer was made by the government.  On
17               October 20, 2009, I met with Mr. Díaz at MDC and explained
18               to him the plea made.  I have been unable to further discuss
19               the plea offer and follow up with Mr. Díaz, due to sickness.
20
21   (Crim. Docket No. 523 at 1.)  On October 26, 2009, counsel visited Díaz and informed us

22   that Díaz was "reluctant to plea."  (Crim. Docket No. 591 at 1.)  In a subsequent motion

23   to continue plea hearing, counsel provided additional details regarding the professional

24   advice that was given to Díaz: "I am preparing a letter with all the possible scenarios Mr.

25   Díaz will face in the event of a conviction, and I will visit him again on Thursday,

26   October 29, 2009 in the afternoon."  (Crim. Docket No. 591).  Counsel appeared before

27   us on several occasions seeking to negotiate the best possible plea for his client.  See,

1    e.g., (Crim. Docket No. 1527 at 3-4.).  In sum, it is clear from the record that counsel was

2    not ineffective during the plea negotiation process.

3            Díaz also contends that counsel failed to investigate his role in the conspiracy.

4    (Docket No. 1-1 at 3.)  Again, however, the record cuts against this claim.  The record

5    shows counsel informing us about his client's role in the conspiracy, and also

6    distinguishing that role from the roles of other conspirators.  (Docket No. 1527 at 7-8.)

7    Díaz has not shown any evidence suggesting that his counsel's performance fell below an

8    objective standard of reasonableness.  <u>Strickland v. Washington</u>, 466 U.S. at 688.

9    Therefore, counsel's performance was not objectively unreasonable.  Therefore, the

10   petition is dismissed.  <u>Cody v. United States</u>, 249 F.3d 47, 53 n.6 (1st Cir. 2001)

11   (ineffective assistance of counsel claims raised in a perfunctory manner in §2255

12   proceeding are deemed waived).

13                                             **IV.**

14                              **<u>Certificate of Appealability</u>**

15

16           In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever

17   issuing a denial of § 2255 relief we must concurrently determine whether to issue a

18   certificate of appealability ("COA").  We grant a COA only upon "a substantial showing

19   of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing,

20   "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

21   assessment of the constitutional claims debatable or wrong." <u>Miller-El v. Cockrell</u>, 537

22   U.S. 322, 338 (2003) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  While

23   Rodríguez-Agudo has not yet requested a COA, we see no way in which a reasonable

24   jurist could find our assessment of his constitutional claims debatable or wrong.

1  Rodríguez-Agudo may request a COA directly from the First Circuit, pursuant to Rule of

2  Appellate Procedure 22.

3                                                     **V.**

4                                            **<u>Conclusion</u>**

5           For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket

6  No. 1).   Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary

7  dismissal is in order because it plainly appears from the record that Petitioner is not

8  entitled to § 2255 relief from this court.

9           **IT IS SO ORDERED.**

10          San Juan, Puerto Rico, this 15th day of July, 2013.

11                                                              <u>S/José Antonio Fusté</u>
12                                                              JOSE ANTONIO FUSTE
13                                                              U. S. DISTRICT JUDGE